## MORRELL *v.* LONG ISLAND R. CO.[1]

*(Common Pleas of New York City and County, General Term.* February 4, 1889.)

DAMAGES—MEASURE—BREACH OF CONTRACT.

In an action for breach of a contract whereby defendant, in consideration of plaintiff obtaining the necessary sand and gravel, agreed to haul it to, and "fill up," a certain trestle-work, and to fill in a certain place on plaintiff's land for a depot-site, plaintiff is entitled to recover the fair cost of filling in the depot-site as stipulated, and such damages for breach of the agreement to fill up the trestle-work as naturally resulted therefrom, and were, in the contemplation of the parties, as likely to result; and a charge based on the theory that defendant was bound to fill in the trestle-work so as to exclude water from plaintiff's land is erroneous.

Appeal from city court, general term.  [

Action by William H. Morrell against the Long Island Railroad Company for breach of contract. A judgment for plaintiff was affirmed on appeal by defendant to the general term of the city court, and defendant now appeals to this court.

Argued before LARREMORE, C. J., and BOOKSTAVER and ALLEN, JJ.

*Hinsdale & Sprague,* for appellant.  *Frank E. Blackwell,* for respondent.

ALLEN, J. The plaintiff, among other things, alleged in his complaint that he was the owner and in possession of certain premises near the village of Flushing, county of Kings, state of New York; that the defendant's railroad ran along or near the easterly and northerly boundary of his lands, over a trestle-work built for that purpose; that he was desirous of procuring sand and gravel to fill in said trestle-work; that he entered into a contract with the defendant, whereby he agreed to procure the necessary sand and gravel at a convenient place near the line of said road, that the defendant agreed to carry the same to said trestle-work, at a place designated by the plaintiff, and fill up said trestle-work as agreed; that the defendant further contracted to fill in upon the land of the plaintiff at a place named by him enough of said sand and gravel to make a depot-site about 100 feet square, and would also, if plaintiff secured a large factory at or near the proposed depot, put in a switch for his convenience; that in pursuance of said agreement the plaintiff did procure said sand and gravel as in said agreement provided; that the defendant neglected and refused to carry out the said contract and fill in the said trestle-work, and also neglected and refused to make a depot-site; that the defendant took all the earth so procured for it by plaintiff, and used the same for its own purpose at other points upon said road than that agreed upon between the parties; and for this alleged breach of contract the plaintiff claimed damages in the sum of $2,000. The answer denies the making of any such contract, or any violation thereof, or that any sand or gravel procured by the plaintiff was in pursuance of any contract with it, or under its direction, or at its request; with a further denial that any sand or gravel procured by the plaintiff had been used by the defendant. The issue thus joined was brought to trial before a jury, who found a verdict in plaintiff's favor for the sum of $1,000. Upon appeal to the general term of the city court, the judgment entered upon

---

[1] Reversing 1 N. Y. Supp. 65.

the verdict was affirmed, and from such decision of the general term this appeal was taken.

The main question of fact involved was whether or not the alleged contract was ever made. The verdict of the jury has definitely settled this fact, and it cannot, on this appeal, be made the subject of review. On the argument of the appeal we understood the appellant to admit the making of the contract, its breach, and the right of the plaintiff to damages. His criticisms were confined to the rule of damages adopted by the court as applicable to the case, and to which he had duly excepted. We have no doubt that the rule applied by the trial judge in reference to the depot-site which was to be made upon the plaintiff's land was correct, and that the fair cost of filling in the depot-site as stipulated was recoverable. *Laraway* v. *Perkins,* 10 N. Y., opinion of JOHNSON, J., page 373. That part of the charge, however, which relates to the damages to be recovered for the failure to fill in the trestle-work, appears to be erroneous. The defendant having neglected and refused to fill in the trestle-work upon its railroad as it agreed to do, the plaintiff was entitled to recover such damages as flowed naturally and approximately from the breach, and were within the contemplation of the parties as likely to result therefrom. The fault of that portion of the charge which deals with the question of damages for the failure to fill in the trestle-work, is, it seems to us, that it erroneously assumes that the contract was different from what it actually was,—that the railroad was liable if the filling in of the trestle-work did not exclude water from the plaintiff's land, and make it dry. The whole scope of the charge on this branch of the case is that the railroad company was bound to make the plaintiff's land dry. That was not the contract. The defendant did not agree to build an embankment that would keep the water from the plaintiff's land, but agreed to fill in the trestle-work with sand and gravel from the bank of earth owned by Mr. Bogert. It was therefore an error, we think, to submit this part of the case to the jury upon the theory that the defendant had contracted to keep the water from the plaintiff's land. For the reason above stated, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.